## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL E. FUHRMAN and | : | |
| LINDA M. ANGEL, Co-Executors of | : | |
| the Estate of EUGENE V. FUHRMAN, | : | |
| Deceased | : | |
| 7676 Green Ridge Lane | : | |
| Abbottstown, PA 17301 | : | |
| and | : | |
| 46369 Hattons Rest Lane | : | |
| Park Hall, MD 20667 | : | |
| Plaintiffs | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| BRIAN A. MAWYER | : | |
| 19220 Constitution Highway | : | |
| Orange, VA 22960 | : | |
| CHARLES R. RICHARDS, | : | |
| INDIVIDUALLY and t/a d/b/a B&C | : | |
| ENTERPRISE | : | |
| 19220 Constitution Highway | : | |
| Orange, VA 22960 | : | |
| TAPSCOTT BROTHERS | : | |
| TRUCKING, INC., | : | |
| 54 Rolling Road S. | : | |
| Scottsville, VA 24590-4630 | : | |
| Defendants | : | No. |

## <u>COMPLAINT</u>

**NOW** come Plaintiffs, Michael E. Fuhrman and Linda M. Angel, Co-

Executors of the Estate of Eugene V. Fuhrman, Deceased, by and through their

undersigned counsel, Munley Law, P.C. and aver as follows:

## PARTIES

1.      Plaintiff Michael E. Fuhrman is a competent adult individual who resides at 7676 Green Ridge Lane, Abbottstown, Pennsylvania 17301.

2.      Plaintiff Linda M. Angel is a competent adult individual who resides at 46369 Hattons Rest Ln., Park Hall, Maryland 20667.

3.      Plaintiffs Michael E. Fuhrman and Linda M. Angel will hereinafter collectively be referred to as "Plaintiffs."

4.      Plaintiffs' father Eugene V. Fuhrman ("Plaintiffs' Decedent") died on February 23, 2021.

5.      On March 17, 2021, Plaintiffs were appointed Executors of the Estate of Eugene V. Fuhrman by the Register of Wills of York County.

6.      No one on behalf of Plaintiffs' Decedent brought an action for personal injuries and did not receive any recovery for the damages claimed in this action during their lifetime. No other action for the death of Plaintiffs' Decedent has been commenced against Defendants.

7.      Prior to his death, Eugene V. Fuhrman was a citizen of Pennsylvania with an address at 126 Center Street, Hanover, Pennsylvania 17331.

8.      Pursuant to 28 U.S.C. § 1332(c)(2), the Estate of Eugene V. Fuhrman is deemed a citizen of Pennsylvania.

9.      Defendant Brian A. Mawyer ("Defendant Mawyer"), upon information and belief, is a competent adult individual who resides at 19220 Constitution Highway, Orange, Virginia 22960.

10.     Defendant Charles R. Richards, individually and t/a d/b/a B& C Enterprise ("Defendant Richards"), upon information and belief, is a competent adult individual who resides at 19220 Constitution Highway, Orange, Virginia 22960.

11.     Defendant Tapscott Brothers Trucking, Inc., ("Defendant Tapscott Brothers"), upon information and belief, is Virginia corporation and/or other business entity with its principal address of business located at 54 Rolling Road S., Scottsville, Virginia 24590-4630.

## JURISDICTION AND VENUE

12.     The amount in controversy in this matter exceeds the sum or value of $75,000.

13.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

14.     Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

15.     Venue is proper pursuant to 28 U.S.C. §1391(b), as the Estate of Eugene V. Fuhrman resides within the Middle District of Pennsylvania and is a resident of Pennsylvania.

## FACTUAL ALLEGATIONS

16.     At all times pertinent hereto, upon information and belief, Defendant Mawyer was the agent, servant, workman, contractor and/or employee of Defendant Richards and/or Defendant Tapscott Brothers and was acting within the course and scope of his agency and/or employment.

17.     At all times pertinent hereto, Defendant Richards was the owner of a 2001 Kenworth W900L tractor, Virginia license plate number 27770PZ, which was operated by Defendant Mawyer.

18.     At all times pertinent hereto, Defendant Tapscott Brothers was the owner of a trailing unit, which was operated by Defendant Mawyer.

19.     At all times pertinent hereto, Plaintiffs' Decedent was the owner and operator of a 2008 Toyota Rav4, Pennsylvania License Plate Number DCG2255.

20.     On or about February 23, 2021, at approximately 10:29 A.M., Plaintiffs' Decedent was traveling westbound on East Middle Street, Hanover Borough, Pennsylvania, and was approaching the intersection with State Route 116/York Street.

21.    The intersection of East Middle Street and State Route 116/York Street was controlled by a four-way traffic light.

22.    At the time, Plaintiffs' Decedent had the green light and lawfully proceeded through the intersection.

23.    At the same time and place, Defendant Mawyer was operating his vehicle traveling eastbound on State Route 116/York Street, Hanover Borough, Pennsylvania, and was approaching the intersection with East Middle Street.

24.    At that time, Defendant Mawyer operated his vehicle in such a negligent, careless, and reckless manner that he failed to stop for the marked red traffic signal and struck Plaintiffs' Decedent who had the green traffic signal, which caused Plaintiffs' Decedent to suffer injuries which led to his death.

25.    As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiffs' Decedent suffered extensive traumatic injuries including, but not limited to: curvilinear laceration/contusion/ abrasion of forehead, subgaleal hemorrhage, factures of body of cervical vertebrae C4 and C5, fractures of spinous process of cervical and thoracic vertebrae C4, C5, C6, C7, T1 and T2, scattered contusions of torso, bilateral anterior and posterior rib fractures, bilateral hemothoraces, scattered abrasions, contusions and lacerations of extremities, which caused him great pain and suffering and resulted in his death.

26.     As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiffs suffered the loss of their father.

27.     As a direct and proximate result of the negligence, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully, Plaintiffs' Decedent suffered conscious physical and mental pain and suffering prior to his death on February 23, 2021.

**COUNT ONE**
**Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of**
**Eugene V. Fuhrman, Deceased v. Brian A. Mawyer**
**Survival Action**

28.     The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

29.     Plaintiffs bring this action on behalf of the Estate of Eugene V. Fuhrman, as Executors of the estate under and by virtue of the Probate, Estate and Fiduciary Code of Pennsylvania, 20 Pa.C.S.A. §3373 and the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302.

30.     The collision was due solely to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Mawyer and in no way due to any negligent act or failure to act on the part of Plaintiffs' Decedent.

31.     Defendant Mawyer owed a duty of care to Plaintiffs' Decedent.

32.     As a direct and proximate result of the negligent acts and omissions of Defendant Mawyer as set forth in this Complaint, Plaintiffs' Decedent sustained extreme conscious pain and suffering, both physical and mental, prior to his death.

33.     The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Mawyer consisted of the following:

    a.  Homicide by Vehicle in violation of 75 Pa. C.S.A. § 3732(a);

    b.  Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3);

    c.  Failure to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a);

    d.  Exceeded Registered Gross Weight in violation of 75 Pa. C.S.A. § 4942(c);

    e.  Driving an unregistered vehicle in violation of 75 Pa. C.S.A. § 1301(a);

    f.  Operating, or causing or permitting a person to operate any vehicle which is not equipped as required or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations in violation of 75 Pa C.S.A. § 4107(b)(2);

g. Careless driving resulting in an unintentional death of another person in violation of 75 Pa. C.S.A. § 3714(b);

h. Failure to properly maintain his vehicle including the brakes and braking system;

i. Failure to keep a proper lookout;

j. Failure to properly observe the roadway;

k. Failure to brake his vehicle;

l. Failure to properly control his vehicle;

m. Failure to take proper and evasive action;

n. Failure to keep his eyes on the roadway;

o. Failure to maneuver his vehicle so as to avoid a collision;

p. Taking his eyes off the road to look at his mobile GPS;

q. Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

r. Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

s. Failure to slow or bring his vehicle to a stop to avoid the impact with the Plaintiffs' Decedent's vehicle;

t.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiffs' Decedent lawfully on the roadway;

u.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

v.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

w.  Operating his vehicle so recklessly that he placed Plaintiffs' Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

x.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

y.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

z.  Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

aa. Failure to give warning of his approach;

bb. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

cc. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

dd. Operating his vehicle while being distracted in violation of 49 C.F.R. §392.3;

ee. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

ff. Falling asleep while driving;

gg. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

hh. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

ii. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

jj. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

kk. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ll.  Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

mm.    Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

nn. Operating his vehicle when he knew or should have known that he was unfit to do so;

oo. Failure to record his duty status properly in violation of 49 CFR §395.8;

pp. Driving while using a cellular phone without a Bluetooth or hands free device;

qq. Sending, reading and writing a text-based communication while operating a motor vehicle.

34.    As a result of the above-stated acts and omissions, Plaintiffs and Plaintiffs' Decedent have suffered injuries, damages and losses as has been previously stated herein.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Brian A. Mawyer, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT TWO
**Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of
Eugene V. Fuhrman, Deceased v. Brian A. Mawyer
Wrongful Death Action**

35.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

36.     Plaintiffs bring this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of themselves and the following persons who may be entitled to recover damages in this action resulting from the death of Plaintiffs' Decedent:

     a.  Michael E. Fuhrman, residing at 7676 Green Ridge Lane, Abbottstown, Pennsylvania 17301;
     b.  Linda M. Angel, residing at 46369 Hattons Rest Ln., Park Hall, Maryland 20667;
     c.  Cynthia Ann Wellde, residing at 10274 Burleigh Cottage Lane, Ellicott City, Maryland 21042; and
     d.  Scott Fuhrman, residing at 80 Harvest Drive, Barto, Pennsylvania 19504.

37.     As a result of the negligent, careless, gross, wanton and/or reckless conduct of Defendant Mawyer and the resulting death of Plaintiffs' Decedent, Plaintiffs have incurred medical, funeral, burial, estate and administrative expenses.

38.     Also, as a result of the negligence and carelessness of Defendant Mawyer and the resulting death of Plaintiffs' Decedent, Plaintiffs suffered a loss of the services, society, comfort, tutelage, guidance and companionship of Plaintiffs' Decedent.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Brian A. Mawyer, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT THREE
**Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of
Eugene V. Fuhrman, Deceased v. Brian A. Mawyer
Punitive Damages**

39.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

40.     The conduct of Defendant Mawyer was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public

including Plaintiffs' Decedent. Defendant Mawyer knew or should have known that failing to stop at a red traffic signal and failing to obey a traffic control device would result in serious injury to others driving on the roadway. Defendant Mawyer knew or should have known that operating his vehicle when it was it was overweight and failing to maintain the vehicle including the brakes and braking system would result in the injury or death of others. Defendant Mawyer knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendant Mawyer knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendant Mawyer knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or his violation of the applicable hours of service regulations and/or his violation of the Federal Motor Carrier Safety Regulations, would result in serious injury to others driving on the roadway. Additionally, Defendant Mawyer knew or should have known that driving while using a cellular phone without a Bluetooth or hands free device would result in serious injury to others driving on the roadway.

41.     Despite such knowledge, Defendant Mawyer nevertheless failed to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3); failed to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a); failed to keep a

proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; took his eyes off the road to look at his mobile GPS; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with Plaintiffs' Decedent's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiffs' Decedent lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiffs' Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment; failed to

give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted in violation of 49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a

cellular phone without a Bluetooth or hands free device; and sent, read and/or wrote a text-based communication while operating a motor vehicle.

42.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiffs' Decedent. As a result, Plaintiffs are seeking an award of punitive damages against Defendant Mawyer.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Brian A. Mawyer, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FOUR**
**Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased v. Charles R. Richards individually and t/a d/b/a B&C Enterprise**
**Survival Action**

43.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

44.     The collision was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Richards, and/or his agents, ostensible agents, servants, workmen, and/or employees, and in no way due to the negligent act or failure to act on the part of Plaintiffs' Decedent.

45.     Defendant Richards owed a duty of care to Plaintiffs' Decedent.

46.     As a direct and proximate result of the negligent acts and omissions of Defendant Richards as set forth in this Complaint, Plaintiffs' Decedent sustained extreme conscious pain and suffering, both physical and mental, prior to his death.

47.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Richards, individually and t/a d/b/a B&C Enterprise, by and through the acts and or omissions of his agents and/or employees, including but not limited to Defendant Mawyer, consisted of the following:

    a.   Homicide by Vehicle in violation of 75 Pa. C.S.A. § 3732(a);

    b.   Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3);

    c.   Failure to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a);

    d.   Exceeded Registered Gross Weight in violation of 75 Pa. C.S.A. § 4942(c);

    e.   Driving an unregistered vehicle in violation of 75 Pa. C.S.A. § 1301(a);

f.  Operating, or causing or permitting a person to operate any vehicle which is not equipped as required or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations in violation of 75 Pa C.S.A. § 4107(b)(2);

g.  Careless driving resulting in an unintentional death of another person in violation of 75 Pa. C.S.A. § 3714(b);

h.  Failure to properly maintain his vehicle including the brakes and braking system;

i.  Failure to keep a proper lookout;

j.  Failure to properly observe the roadway;

k.  Failure to brake his vehicle;

l.  Failure to properly control his vehicle;

m.  Failure to take proper and evasive action;

n.  Failure to keep his eyes on the roadway;

o.  Failure to maneuver his vehicle so as to avoid a collision;

p.  Taking his eyes off the road to look at his mobile GPS;

q.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

r.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

s.  Failure to slow or bring his vehicle to a stop to avoid the impact with Plaintiffs' Decedent's vehicle;

t.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiffs' Decedent lawfully on the roadway;

u.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

v.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

w.  Operating his vehicle so recklessly that he placed Plaintiffs' Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

x.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

y.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while operating his vehicle on the highways

and roadways of the Commonwealth of Pennsylvania;

z.   Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

aa. Failure to give warning of his approach;

bb. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

cc. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

dd. Operating his vehicle while being distracted in violation of 49 C.F.R. §392.3;

ee. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

ff.  Falling asleep while driving;

gg. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

hh. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

ii.  Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

jj.  Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

kk. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ll.  Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

mm.      Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

nn. Operating his vehicle when he knew or should have known that he was unfit to do so;

oo. Failure to record his duty status properly in violation of 49 CFR §395.8;

pp. Driving while using a cellular phone without a Bluetooth or hands free device;

qq. Sending, reading and writing a text-based communication while operating a motor vehicle.

48.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Richards, individually and t/a d/b/a B&C Enterprise in its own right, consisted of the following:

a.  Negligently entrusting Defendant Mawyer with its vehicle when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.  Failing to adequately instruct Defendant Mawyer in the safe operation of the vehicle prior to entrusting him with it;

c.  Failing to prevent Defendant Mawyer from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Mawyer lacked the ability necessary to safely operate the vehicle under the circumstances;

e.  Failure to provide Defendant Mawyer with the equipment necessary to safely operate the vehicle;

f.  Failure to maintain the brakes on the tractor-trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Mawyer, in the inspection and operation of its tractor trailer;

h.  Failure to properly qualify Defendant Mawyer as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Mawyer to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Mawyer to operate its vehicle when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Mawyer to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Mawyer to operate its vehicle when it knew or should have known that the requirements for Defendant Mawyer to earn income from operating its vehicle would cause Defendant Mawyer to violate the rules of the road and/or drive while distracted and/or fatigued;

m. Scheduling a run and/or requiring Defendant Mawyer to operate its vehicle between points in such periods of time as would necessitate Defendant Mawyer to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

n.  Permitting Defendant Mawyer to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o.  Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Mawyer to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Mawyer to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Mawyer with proper training necessary to drive the vehicle safely;

t.  Failure to properly supervise Defendant Mawyer in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

49.     As a result of the above-stated acts and omissions, Plaintiffs have suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Charles R. Richards, individually and t/a d/b/a B& C Enterprise, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

### COUNT FIVE
**Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of
Eugene V. Fuhrman, Deceased v. Charles R. Richards, individually and t/a
d/b/a B& C Enterprise
Wrongful Death Action**

50.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

51.     Plaintiffs bring this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of themselves and the following persons who may be entitled to recover damages in this action resulting from the death of Plaintiffs' Decedent:

  a.  Michael E. Fuhrman, residing at 7676 Green Ridge Lane, Abbottstown, Pennsylvania 17301;
  b.  Linda M. Angel, residing at 46369 Hattons Rest Ln., Park Hall, Maryland 20667;
  c.  Cynthia Ann Wellde, residing at 10274 Burleigh Cottage Lane, Ellicott City, Maryland 21042; and

d.   Scott Fuhrman, residing at 80 Harvest Drive, Barto, Pennsylvania 19504.

52.      As a result of the negligent, careless, gross, wanton and/or reckless conduct of Defendant Richards, individually and t/a d/b/a B&C Enterprise and the resulting death of Plaintiffs' Decedent, Plaintiffs have incurred medical, funeral, burial, estate and administrative expenses.

53.      Also, as a result of the negligence and carelessness of Defendant Richards, individually and t/a d/b/a B&C Enterprise and the resulting death of Plaintiffs' Decedent, Plaintiffs suffered a loss of the services, society, comfort, tutelage, guidance and companionship of Plaintiffs' Decedent.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Charles R. Richards, individually and t/a d/b/a B& C Enterprise, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT SIX**
**Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased v. Charles R. Richards, Individually and t/a d/b/a B& C Enterprise**
**Punitive Damages**

54.      The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

55.     The conduct of Defendant Richards, individually and t/a d/b/a B&C Enterprise and by and through the acts and or omissions of his agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiffs' Decedent. Defendants Richards, individually and t/a d/b/a B&C Enterprise, and Mawyer knew or should have known that failing to stop at a red traffic signal and failing to obey a traffic control device would result in severe and/or fatal injuries to others driving on the roadway. Defendants Richards, individually and t/a d/b/a B&C Enterprise, and Mawyer knew or should have known that driving a vehicle that exceeded the registered gross weight would result in severe and/or fatal injuries to others on the roadway. Defendants Richards, individually and t/a d/b/a B&C Enterprise, and Mawyer knew or should have known that operating, or causing or permitting a person to operate any vehicle which is not equipped as required or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations could result in severe and/or fatal injuries to others on the roadway. Defendants Richards, individually and t/a d/b/a B&C Enterprise, and Mawyer knew or should have known that carelessly driving could result in the death of another person. Further, Defendants Richards, individually and t/a d/b/a B&C Enterprise, and Mawyer knew or should

have known that failing to properly maintain the vehicle including the brakes and braking system could result in severe and/or fatal injuries to other motorists on the roadway. Despite such knowledge, Defendant Richards, individually and t/a d/b/a B&C Enterprise by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer, failed to obey a traffic control sign, drove an overweight vehicle, and engaged in careless driving causing him to lose control of his vehicle and violently strike Plaintiffs' Decedent's vehicle.

56.    Defendants Richards and Mawyer knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being distracted, would result in serious injury to others driving on the roadway. Defendants Richards and Mawyer knew or should have known that falling asleep while driving, would result in serious injury to others. Furthermore, Defendants Richards and Mawyer knew or should have known that failing to pay attention to the roadway and/or operating his vehicle too fast for the conditions then present, and/or when he was in violation of the applicable hours of service regulations and/or while he was in violation of the Federal Motor Carrier Safety Regulations, would result in serious injury to others driving on the roadway. Additionally, Defendants Richards and Mawyer knew or should have known that driving while

using a cellular phone without a Bluetooth or hands free device would result in serious injury to others driving on the roadway.

57.     Despite such knowledge, Defendant Richards, by and through the acts and/or omissions of its agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer nevertheless failed to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3); failed to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a); failed to keep a proper lookout; failed to properly observe the roadway; failed to brake his vehicle; failed to properly control his vehicle; failed to take proper and evasive action; took his eyes off the road to look at his mobile GPS; failed to keep his eyes on the roadway; failed to maneuver his vehicle so as to avoid a collision; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with Plaintiffs' Decedent's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiffs' Decedent lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiffs'

Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A.

§2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A.

§3714; failed to obey the rules of the road, the statutes of the Commonwealth of

Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while

operating his vehicle on the highways and roadways of the Commonwealth of

Pennsylvania; failed to adequately inspect his vehicle prior to operating the vehicle

in that the brakes were out of adjustment; failed to give warning of his approach;

failed to bring his vehicle to a stop within the assured clear distance ahead in

violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then

and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while

being distracted in violation of 49 C.F.R. §392.3; failed to discontinue the use of

his commercial motor vehicle when hazardous conditions adversely affected his

visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while

driving; operated his vehicle in violation of the rules and regulations of the Federal

Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair

his vehicle in accordance with the applicable Federal Motor Carrier Safety

Regulations 49 C.F.R. §390 et seq., which have been adopted in this

Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his

vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the

applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his

vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands free device; and sent, read and/or wrote a text-based communication while operating a motor vehicle.

58.    The conduct of Defendant Richards was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiffs' Decedent, in his own right. Defendant Richards knew or should have known that Defendant Mawyer lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant Richards knew or should have known that the manner in which it conducted their business and compensated their agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer, would cause its employees, including Defendant Mawyer, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Richards knew or should have known that allowing his employees to violate the rules of the

road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiffs' Decedent. Defendant Richards knew or should have known that permitting Defendant Mawyer to operate its tractor-trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the truck when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant Richards knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the roadway. Defendant Richards knew or should have known that failing to properly train and supervise his agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer would result in serious injury to others driving on the roadway.  Moreover, Defendant Richards knew or should have known that failing to inspect, maintain, repair and operate his vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway.

59.     Despite such knowledge, Defendant Richards nevertheless, negligently entrusted Defendant Mawyer with his vehicle when he knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle; failed to adequately instruct Defendant Mawyer in the safe

operation of the vehicle prior to entrusting him with it; failed to prevent Defendant

Mawyer from operating the vehicle until he had sufficient ability to operate the

motor vehicle safely; failed to adequately ascertain that Defendant Mawyer lacked

the ability necessary to safely operate the vehicle under the circumstances; failed to

provide Defendant Mawyer with the equipment necessary to safely operate the

vehicle; failed to maintain the brakes on the tractor-trailer; failed to adequately

train and oversee his employees, including Defendant Mawyer, in the inspection

and operation of its tractor; failed to properly qualify Defendant Mawyer as

required by 49 CFR § 391 et seq.; permitted Defendant Mawyer to operate his

vehicle when he knew or should have known that he was too fatigued to do so

safely in violation of 49 CFR § 392.3; permitted Defendant Mawyer to operate his

vehicle when he knew or should have known that he was unfit to do so; permitted

Defendant Mawyer to operate his vehicle when he knew or should have known he

would drive while being distracted and/or fatigued; permitted Defendant Mawyer

to operate his vehicle when it knew or should have known that the requirements for

Defendant Mawyer to earn income from operating his vehicle would cause

Defendant Mawyer to violate the rules of the road and/or drive while distracted

and/or fatigued; scheduled a run and/or required Defendant Mawyer to operate his

vehicle between points in such periods of time as would necessitate Defendant

Mawyer to operate the vehicle at too great a speed in violation of 49 C.F.R.

§392.6; permitted Defendant Mawyer to operate his vehicle when he knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Mawyer to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Mawyer to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Mawyer with proper training necessary to drive the vehicle; and failed to properly supervise Defendant Mawyer in the operation of his vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

60.    All of these acts did constitute a reckless indifference to the risk of injury to Plaintiffs' Decedents. As a result, Plaintiffs are seeking an award of punitive damages against Defendant Richards, Individually and t/a d/b/a B&C Enterprise.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Charles R. Richards, Individually and t/a d/b/a B& C Enterprise, jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT SEVEN
### Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased v. Tapscott Brothers Trucking, Inc.
### Survival Action

61.    The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

62.    The collision was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Tapscott Brothers, and/or its agents, ostensible agents, servants, workmen, and/or employees, and in no way due to the negligent act or failure to act on the part of Plaintiffs' Decedent.

63.    Defendant Tapscott Brothers owed a duty of care to Plaintiffs' Decedent.

64.    As a direct and proximate result of the negligent acts and omissions of Defendant Tapscott Brothers as set forth in this Complaint, Plaintiffs' Decedent sustained extreme conscious pain and suffering, both physical and mental, prior to his death.

65.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Tapscott Brothers, by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Mawyer, consisted of the following:

   a.  Homicide by Vehicle in violation of 75 Pa. C.S.A. § 3732(a);

   b.  Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3);

   c.  Failure to obey a traffic control device in violation of 75 Pa. C.S.A. §3111(a);

   d.  Exceeded Registered Gross Weight in violation of 75 Pa. C.S.A. § 4942(c);

   e.  Driving an unregistered vehicle in violation of 75 Pa. C.S.A. § 1301(a);

   f.  Operating, or causing or permitting a person to operate any vehicle which is not equipped as required or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations in violation of 75 Pa C.S.A. § 4107(b)(2);

   g.  Careless driving resulting in an unintentional death of another person in violation of 75 Pa. C.S.A. § 3714(b);

h.  Failure to properly maintain his vehicle including the brakes and braking system;

i.  Failure to keep a proper lookout;

j.  Failure to properly observe the roadway;

k.  Failure to brake his vehicle;

l.  Failure to properly control his vehicle;

m. Failure to take proper and evasive action;

n.  Failure to keep his eyes on the roadway;

o.  Failure to maneuver his vehicle so as to avoid a collision;

p.  Taking his eyes off the road to look at his mobile GPS;

q.  Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

r.  Failure to remain attentive and to maintain a sharp lookout for the conditions of travel;

s.  Failure to slow or bring his vehicle to a stop to avoid the impact with Plaintiffs' Decedent's vehicle;

t.  Operating his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiffs' Decedent lawfully on the roadway;

u.  Operating his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361;

v.  Driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736;

w.  Operating his vehicle so recklessly that he placed Plaintiffs' Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

x.  Operating his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

y.  Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;

z.  Failure to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment;

aa. Failure to give warning of his approach;

bb. Failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

cc. Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

dd. Operating his vehicle while being distracted in violation of 49 C.F.R. §392.3;

ee. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

ff. Falling asleep while driving;

gg. Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

hh. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

ii. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

jj. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

kk. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

ll.  Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

mm.  Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

nn. Operating his vehicle when he knew or should have known that he was unfit to do so;

oo. Failure to record his duty status properly in violation of 49 CFR §395.8;

pp. Driving while using a cellular phone without a Bluetooth or hands free device;

qq. Sending, reading and writing a text-based communication while operating a motor vehicle;

66.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Tapscott Brothers, in its own right, consisted of the following:

a.   Negligently entrusting Defendant Mawyer with its trailer when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b.  Failing to adequately instruct Defendant Mawyer in the safe operation of the trailer prior to entrusting him with it;

c.  Failing to prevent Defendant Mawyer from operating the trailer until he had sufficient ability to operate the motor vehicle safely;

d.  Failing to adequately ascertain that Defendant Mawyer lacked the ability necessary to safely operate the trailer under the circumstances;

e.  Failure to provide Defendant Mawyer with the equipment necessary to safely operate the trailer;

f.  Failure to maintain the brakes on the trailer;

g.  Failure to adequately train and oversee their employees, including Defendant Mawyer, in the inspection and operation of its trailer;

h.  Failure to properly qualify Defendant Mawyer as required by 49 CFR § 391 et seq.;

i.  Permitting Defendant Mawyer to operate its trailer when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

j.  Permitting Defendant Mawyer to operate its trailer when it knew or should have known that he was unfit to do so;

k.  Permitting Defendant Mawyer to operate its trailer when it knew or should have known he would drive while being distracted and/or fatigued;

l.  Permitting Defendant Mawyer to operate its trailer when it knew or should have known that the requirements for Defendant Mawyer to earn income from operating its trailer would cause Defendant Mawyer to violate the rules of the road and/or drive while distracted and/or fatigued;

m.  Scheduling a run and/or requiring Defendant Mawyer to operate its trailer between points in such periods of time as would necessitate Defendant Mawyer to operate the trailer at too great a speed in violation of 49 C.F.R. §392.6;

n.  Permitting Defendant Mawyer to operate its trailer when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

o.  Failure to operate, maintain, inspect and repair its trailer in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

p.  Failure to require Defendant Mawyer to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

q.  Aiding, abetting, encouraging and/or requiring Defendant Mawyer to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13;

r.  Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

s.  Failure to provide Defendant Mawyer with proper training necessary to operate the trailer safely;

t.  Failure to properly supervise Defendant Mawyer in the operation of its trailer to ensure compliance with the Federal Motor Carrier Safety Regulations.

67.   As a result of the above-stated acts and omissions, Plaintiffs have suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Tapscott Brothers Trucking, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT EIGHT
### Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased v. Tapscott Brothers Trucking, Inc. Wrongful Death Action

68.     The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

69.     Plaintiffs bring this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of themselves and the following persons who may be entitled to recover damages in this action resulting from the death of Plaintiffs' Decedent:

a. Michael E. Fuhrman, residing at 7676 Green Ridge Lane, Abbottstown, Pennsylvania 17301;
b. Linda M. Angel, residing at 46369 Hattons Rest Ln., Park Hall, Maryland 20667;
c. Cynthia Ann Wellde, residing at 10274 Burleigh Cottage Lane, Ellicott City, Maryland 21042; and
d. Scott Fuhrman, residing at 80 Harvest Drive, Barto, Pennsylvania 19504.

70.     As a result of the negligent, careless, gross, wanton and/or reckless conduct of Defendant Tapscott Brothers, and the resulting death of Plaintiffs' Decedent, Plaintiffs have incurred medical, funeral, burial, estate and administrative expenses.

71.     Also, as a result of the negligence and carelessness of Defendant Tapscott Brothers and the resulting death of Plaintiffs' Decedent, Plaintiffs

suffered a loss of the services, society, comfort, tutelage, guidance and companionship of Plaintiffs' Decedent.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Tapscott Brothers Trucking, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT NINE
### Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased v. Tapscott Brothers Trucking, Inc. Punitive Damages

72.   The preceding paragraphs above are incorporated by reference as if fully set forth herein at length.

73.   The conduct of Defendant Tapscott Brothers, by and through the acts and or omissions of his agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiffs' Decedent. Defendants Tapscott Brothers and Mawyer knew or should have known that failing to stop at a red traffic signal and failing to obey a traffic control device would result in serious injury to others driving on the roadway. Defendants Tapscott Brothers and Mawyer knew or should have known that operating his vehicle when he was too fatigued to do so safely and/or while being

distracted, would result in serious injury to others driving on the roadway.

Defendants Tapscott Brothers and Mawyer knew or should have known that falling

asleep while driving, would result in serious injury to others. Furthermore,

Defendants Tapscott Brothers and Mawyer knew or should have known that failing

to pay attention to the roadway and/or operating his vehicle too fast for the

conditions then present, and/or when he was in violation of the applicable hours of

service regulations and/or while he was in violation of the Federal Motor Carrier

Safety Regulations, would result in serious injury to others driving on the roadway.

Additionally, Defendants Tapscott Brothers and Mawyer knew or should have

known that driving while using a cellular phone without a Bluetooth or hands free

device would result in serious injury to others driving on the roadway.

74.     Despite such knowledge, Defendant Tapscott Brothers, by and

through the acts and/or omissions of its agents, servants, workmen, and/or

employees, including but not limited to Defendant Mawyer nevertheless failed to

stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3); failed to obey

a traffic control device in violation of 75 Pa. C.S.A. §3111(a); failed to keep a

proper lookout; failed to properly observe the roadway; failed to brake his vehicle;

failed to properly control his vehicle; failed to take proper and evasive action; took

his eyes off the road to look at his mobile GPS; failed to keep his eyes on the

roadway; failed to maneuver his vehicle so as to avoid a collision; failed to

exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout for the conditions of travel; failed to slow or bring his vehicle to a stop to avoid the impact with Plaintiffs' Decedent's vehicle; operated his commercial motor vehicle without due regard for the rights, safety, and position of Plaintiffs' Decedent lawfully on the roadway; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa. C.S.A. §3361; drove recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736; operated his vehicle so recklessly that he placed Plaintiffs' Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705; operated his vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to adequately inspect his vehicle prior to operating the vehicle in that the brakes were out of adjustment; failed to give warning of his approach; failed to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361; failed to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361; operated his vehicle while being distracted and/or fatigued in violation of

49 C.F.R. §392.3; failed to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; fell asleep while driving; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14; failed to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operated his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operated his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operated his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failed to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operated his vehicle when he knew or should have known that he was unfit to do so; failed to record his duty status properly in violation of 49 CFR §395.8; drove while using a cellular phone without a Bluetooth or hands free device; and sent, read and/or wrote a text-based communication while operating a motor vehicle.

75.    The conduct of Defendant Tapscott Brothers was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiffs' Decedent, in its own right. Defendant Tapscott Brothers knew of or should have known that Defendant Mawyer lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. Defendant Tapscott Brothers knew or should have known that the manner in which it conducted its business and compensated its agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer, would cause its employees, including Defendant Mawyer, to violate the rules of the road and/or drive while distracted and/or fatigued. Defendant Tapscott Brothers knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiffs' Decedent. Defendant Tapscott Brothers knew or should have known that permitting Defendant Mawyer to operate its trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the trailer when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. Defendant Tapscott Brothers knew or should have known that failing to hire and retain only competent drivers would result in serious injury to others driving on the

roadway. Defendant Tapscott Brothers knew or should have known that failing to

properly train and supervise its agents, servants, workmen, and/or employees,

including but not limited to Defendant Mawyer would result in serious injury to

others driving on the roadway.  Moreover, Defendant Richards knew or should

have known that failing to inspect, maintain, repair and operate his vehicle in

compliance with all applicable standards and regulations, including but not limited

to the Federal Motor Carrier Safety regulations would result in serious injury to

others driving on the roadway.

76.    Despite such knowledge, Defendant Tapscott Brothers nevertheless,

negligently entrusted Defendant Mawyer with his trailer when it knew or should

have known that he lacked sufficient skill, judgment, and prudence in the operation

of the trailer; failed to adequately instruct Defendant Mawyer in the safe operation

of the trailer prior to entrusting him with it; failed to prevent Defendant Mawyer

from operating the trailer until he had sufficient ability to operate the motor vehicle

safely; failed to adequately ascertain that Defendant Mawyer lacked the ability

necessary to safely operate the trailer under the circumstances; failed to provide

Defendant Mawyer with the equipment necessary to safely operate the trailer;

failed to maintain the brakes on the trailer; failed to adequately train and oversee

its employees, including Defendant Mawyer, in the inspection and operation of its

trailer; failed to properly qualify Defendant Mawyer as required by 49 CFR § 391

et seq.; permitted Defendant Mawyer to operate its trailer when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3; permitted Defendant Mawyer to operate its trailer when it knew or should have known that he was unfit to do so; permitted Defendant Mawyer to operate its trailer when it knew or should have known he would drive while being distracted and/or fatigued; permitted Defendant Mawyer to operate its trailer when it knew or should have known that the requirements for Defendant Mawyer to earn income from operating its trailer would cause Defendant Mawyer to violate the rules of the road and/or drive while distracted and/or fatigued; scheduled a run and/or required Defendant Mawyer to operate its trailer between points in such periods of time as would necessitate Defendant Mawyer to operate the trailer at too great a speed in violation of 49 C.F.R. §392.6; permitted Defendant Mawyer to operate its trailer when it knew or should have known that he was operating the trailer in excess of the applicable hours of service in violation of  49 CFR § 395.3; failed to operate, maintain, inspect and repair its trailer in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania; failed to require Defendant Mawyer to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11; aided, abetted, encouraged and/or required Defendant Mawyer to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R.

§390.13; operated its trailer in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failed to provide Defendant Mawyer with proper training necessary to drive the trailer; and failed to properly supervise Defendant Mawyer in the operation of the trailer to ensure compliance with the Federal Motor Carrier Safety Regulations.

77.     All of these acts did constitute a reckless indifference to the risk of injury to Plaintiffs' Decedents. As a result, Plaintiffs are seeking an award of punitive damages against Defendant Tapscott Brothers.

**WHEREFORE**, Plaintiffs Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, demand judgment against Defendant Tapscott Brothers Trucking, Inc., jointly and severally, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW, PC**

By:   _/s/Marion Munley_____
         Marion Munley
         I.D. No. 46957
         Attorney for Plaintiffs