IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL E. FUHRMAN and     :
LINDA M. ANGEL, Co-Executors of     :
the Estate of EUGENE V. FUHRMAN,     :
Deceased     :
           Plaintiffs     :
      v.     :       CIVIL ACTION - LAW
    :       JURY TRIAL DEMANDED
BRIAN A. MAWYER, CHARLES R.     :
RICHARDS, INDIVIDUALLY and t/a     :
d/b/a B&C ENTERPRISE, and     :
TAPSCOTT BROTHERS     :
TRUCKING, INC.     :
           Defendants     :       No.    1:21-CV-02024-YK

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS & RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT

**NOW** come Plaintiffs, Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, by and through their undersigned counsel, Munley Law, P.C. and hereby submit the following Brief in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss & Rule 12(e) Motion for a More Definite Statement.

## <u>Table of Contents</u>

TABLE OF AUTHORITIES .................................................................................. iv

**I.   FACTUAL AND PROCEDURAL HISTORY** ................................................1

**II.   QUESTIONS PRESENTED** ...............................................................................2

**III.   LEGAL STANDARD** ..........................................................................................2

  **A. Motion To Dismiss** .........................................................................................2

  **B. Motion for a More Definite Statement** .........................................................4

**IV.   LEGAL ARGUMENT** .......................................................................................5

  **A. Plaintiffs' Complaint alleges sufficient facts to support claims of punitive damages against Defendants.** ....................................................5

    **i.   Plaintiffs' Complaint alleges sufficient factual allegations to raise a plausible claim of Punitive Damages against Defendant Mawyer.** ...............6

    **ii.   Plaintiffs' Complaint alleges sufficient factual allegations to raise a plausible claim for reckless, gross and wanton conduct by Defendant B&C Enterprises and Defendant Tapscott Brothers, as well as their Punitive Damages claims.** .............................................................................12

  **B. Plaintiffs' allegations contained within subparagraphs of Paragraphs 33, 47, 48, 65, and 66 of the Complaint are sufficiently specific.** ...................14

**V.  CONCLUSION** ............................................................................................19

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

<u>A.M. Skier Agency, Inc. v. Creative Risk Servs.</u>
  2006 U.S. Dist. LEXIS 67025 (M.D. Pa. Jan. 20, 2006)…………………....4

<u>Ashcroft v. Iqbal</u>
  556 U.S. 662 (2009)…………………………………………………....3, 16, 18

<u>Bell Atlantic Corp. v. Twombly</u>
  550 U.S. 554 (2007)…………………………………………………3, 16, 18

<u>Burke v. TransAm Trucking, Inc.</u>
  605 F. Supp. 2d 647, 655 (M.D. Pa. 2009)…………………………….10, 12

<u>Burnside v. Abbott Laboratories</u>
  505 A.2d 973 (1985)…..…………………………………………………16

<u>Came v. Micou</u>
  2005 WL 1500978 (M.D. Pa. 2005)…………………………………………8

<u>Cardenas v. Schober</u>
  783 A.2d 317 (Pa. Super. 2001)…………………………………………16

<u>Cobb v. Nye</u>
  2014 WL 7067578 (M.D. Pa. 2014) …………………………………....9

<u>Commonwealth, Department of Transportation v. Shipley Humble Oil Co.</u>
  370 A.2d 438 (1977) …………………………………………………....16

<u>Delahanty v. First Pennsylvania Bank, N.A.</u>
  464 A.2d 1243 (Pa. Super. Ct. 1983)… …………………………….....5

<u>Dennis v. DeJong</u>
  867 F. Supp. 2d 588, 608 (E.D. Pa. 2011) ………………………………3

Erie R.R. v. Tompkins
     304 U.S. 64 (1938)………………………………………………………….5

Esteras v. TRW, Inc.
     22006 WL 2474049 (M.D. Pa. Aug. 25, 2006)……………………………...8

Feld v. Merriam
     485 A.2d 742 (1984)... …………………………………………………...6

Fowler v. UPMC Shadyside
     578 F. 3d 203 (3d. Cir. 2009)……………………………………………..2, 3

Genesis Leasing Co., Inc. v. Minchoff
     462 A.2d 274 (1983) …………………………………………………16

Godina v. Oswald
     211 A.2d 91 (1965) …………………………………………………..16

Graves v. Lowery
     117 F.3d 723  (3d Cir. 1997)… ……………………………………….…3

Grosek v. Panther Transportation, Inc.
     2009 WL 427238 (M.D. Pa. Feb. 20, 2009) ………………………………10

Hutchinson ex rel Hutchinson v. Luddy
     870 A.2d 766 (Pa. 2005). ……………………………………………….…5

Johnsrud v. Carter
     620 F.2d 29 (3d Cir. 1980) ……………………………………………….3

Kane v. Chester County Dep't of Children, Youth & Families
     10 F. Supp. 3d 671………………………………………………………..2

Krivijanski v. Union R.R.Co.
     515 A.2d 933 (1986) …………………………………………………… 6

Logue v. Logano Trucking Company
    921 F.Supp. 1425 (E.D. Pa. 1996) ………………………………………….9

Pennington v. King
    2009 U.S. Dist. LEXIS 12779 (E.D. Pa. Feb. 19, 2009) …………………..11

Phillips v. County of Allegheny
    515 F.3d 224 (3d Cir. 2008)……………………………………………….2, 3

Pinker v. Roche Holdings, Ltd.
    292 F.3d 381 (3d Cir. 2002) ...…………………………………………... 3

Pozarlik v. Camelback Assocs.
    2011 WL 6003841 (M.D. Pa. 2011) ……………………………………… 17

Sabo v. Suarez
    2009 WL 2365969 (M.D.Pa. July 31, 2009). ………………………………...10

Schaedler v. Reading Eagle Publications, Inc.
    370 F.2d 795 (3d Cir. 1969) ……………………………………………… 4

Schafer v. Wickham
    1999 WL 961273 (E.D. Pa. Oct. 15, 1999) ………………………………….8

Scheuer v. Rhodes
    416 U.S. 233 (1974) ………………………………………………..…….3

Scott v. Burke
    2013 U.S. Dist. LEXIS 123432 (W.D. Pa. Aug. 29, 2013)………………...11

SHV Coal v. Continental Grain Co.
    587 A.2d 702 (Pa. 1991)…………………………………………………….5

Speck v. Finegold
    408 A.2d 496 (1979) …………………………………………………....16

Wang v. Marzani
     885 F.Supp. 74 (S.D.N.Y.) …………………………………………………………….8

Weiss v. Equibank
     460 A.2d 271 (1983) …………………………………………………………....16

Statutes and Rules

F.R.C.P. 12………………………………………………………………...…………..4

Restatement (Second) of Torts §500……………………………………………….6

## I.   FACTUAL AND PROCEDURAL HISTORY

This action arises out of the February 23, 2021, motor vehicle crash that caused the death of Eugene V. Fuhrman ("Plaintiffs' Decedent"). *See* a true and correct copy of the Complaint attached hereto as Exhibit A at ¶ 4. On that day, Plaintiffs' Decedent was traveling westbound on East Middle Street, Hanover Borough, Pennsylvania and was approaching the intersection with York Street. *Id.* at ¶ 20. The intersection of East Middle Street and York Street was controlled by a four-way traffic light. *Id.* at ¶ 21. At the time, Plaintiffs' Decedent had the green light and lawfully proceeded through the intersection. *Id.* at ¶ 22. At the same time and place, Defendant Brian Mawyer ("Defendant Mawyer") was operating a tractor owned by Charles R. Richards d/b/a B&C Enterprise ("Defendant B&C Enterprises") and a trailer owned by Tapscott Brother Trucking, Inc. ("Defendant Tapscott Brothers") in an eastbound direction on York Street and was approaching the intersection with East Middle Street. *Id.* at ¶¶ 17-18, 23. Defendant Mawyer was the agent and/or employee of Defendant B&C Enterprises and/or Defendant Tapscott Brothers. *Id.* at ¶ 16. Defendant Mawyer operated his vehicle in such a negligent, careless, and reckless manner that he failed to stop for the marked red traffic signal and struck Plaintiffs' Decedent who had the green traffic signal, which caused Plaintiffs' Decedent to suffer fatal injuries. *Id.* at ¶ 24.

On December 2, 2021, Plaintiff commenced suit against Defendant Mawyer, Defendant B&C Enterprises, and Defendant Tapscott Brothers alleging separate claims of survival, wrongful death, and punitive damages. [Dkt. 1]. On January 31, 2022, Defendants filed their Rule 12(b)(6) Motion to Dismiss & Rule 12(e) Motion for a More Definite Statement. [Dkt. 7].  Defendants filed their Brief in Support on February 14, 2022. [Dkt. 8]. Plaintiffs now file their Brief in Opposition.

## II.   QUESTIONS PRESENTED

A. Whether Plaintiffs' have alleged sufficient facts to establish a claim for punitive damages against Defendants?

**Suggested answer: Yes.**

B. Whether Defendants' Motion for a More Definite Statement in various subparagraphs of Paragraphs 33, 47, 48, 65, and 66 should be denied?

**Suggested answer: Yes.**

## III.   LEGAL STANDARD

### A. Motion To Dismiss

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts accept all factual allegations in the complaint as true and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief. Kane v. Chester County Dep't of Children, Youth & Families, 10 F. Supp. 3d 671, 2014 U.S. Dist. LEXIS 44930, 2014 WL 1302101, *citing* Fowler v. UPMC Shadyside, 578 F. 3d 203, 210 (3d. Cir. 2009); Phillips v. County

of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), *citing* Pinker v. Roche Holdings, Ltd., 292 F.3d 381, 374 n.7 (3d Cir. 2002). The complaint must contain enough factual allegations to raise the right to relief from a speculative to a plausible level. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555, 557 (2007). A complaint should not be dismissed merely because it appears unlikely that the plaintiff will ultimately prevail on the merits. Phillips, *supra*, at 231, *citing* Twombly, 127 S. Ct. At 1964-65, 1969, n.8. Instead, a court should consider the factual allegations in the complaint in the light most favorable to the plaintiff. *Id*., at 233. The Rule 12(b)(6) movant carries the burden of showing the legal insufficiency of the claims asserted. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Such a motion will be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).

To determine whether the complaint should be dismissed for failure to state a claim, the Third Circuit articulated a two-part test. Dennis v. DeJong, 867 F. Supp. 2d 588, 608 (E.D. Pa. Sept. 30, 2011), *citing* Fowler, *supra* at 210. First, all well-plead facts are accepted as true, and any legal conclusions may be disregarded. *Id*.  Second, the court must determine whether the facts as alleged are "sufficient to show that the plaintiff has a plausible claim to relief." *Id*. In brief, a complaint must "show" an entitlement to relief with its facts. *Id*. When considering

a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits of his claim, but only whether he is entitled to offer evidence in support of them. Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

## B. Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) authorizes a motion for a more definite statement to which a responsive pleading is allowed if the complaint is "so vague or ambiguous" that the party "cannot reasonably prepare a response." Schaedler v. Reading Eagle Publications, Inc., 370 F.2d 795 (3d Cir. 1969); Federal Rules of Civil Procedure 12(e). However, Rule 12(e) motions "are highly disfavored" because the overall scheme of the federal rules "calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." A.M. Skier Agency, Inc. v. Creative Risk Servs., No. 3:05-CV-0451, 2006 U.S. Dist. LEXIS 67025 (M.D. Pa. Jan. 20, 2006). A motion for a more definite statement should be directed only to those case where "because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schaedler, 370 F.2d at 798.

4

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs' Complaint alleges sufficient facts to support claims of punitive damages against Defendants.

In this case, Pennsylvania law regarding punitive damages should be followed. Federal jurisdiction in this matter is based on diversity of citizenship. This action arises out of a collision that occurred in Pennsylvania. Therefore, the substantive laws of Pennsylvania will apply. Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In Pennsylvania, courts have found that the "[a]ssessment of punitive damages are proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct, and are awarded to punish that person for such conduct."  SHV Coal v. Continental Grain Co., 587 A.2d 702, 704 (Pa. 1991).  Punitive damages are available "when the act is done with reckless indifference, as well as, bad motive." Delahanty v. First Pennsylvania Bank, N.A., 464 A.2d 1243, 1263 (Pa. Super. Ct. 1983). To obtain punitive damages, a Plaintiff must show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and (2) that he acted, or failed to act, as the case may be, in conscious disregard of the risk." Hutchinson ex rel Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005).

The imposition of punitive damages is specific to the facts of the case and whether the defendants' conduct was outrageous, and there is nothing "in law or

logic to prevent plaintiff in a case sounding in negligence" from meeting the additional burden of proving that defendants' conduct "was also outrageous, and warrants a response in the form of punitive damages." *Id.* Moreover, the court "must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.'" <u>Feld v. Merriam</u>, 506 Pa. 383, 485 A.2d 742, 748 (1984). "The state of mind of the actor is vital." *Id.*

Reckless conduct is distinct from negligent conduct. <u>Krivijanski v. Union R.R.Co.</u>, 357 Pa. Super. 196, 202-06, 515 A.2d 933, 936-37 (1986). Negligence may be mere inadvertence, incompetence, unskillfulness, or failure to take precautions. *Id.*, at 204,515 A.2d at 937, *citing* Restatement (Second) of Torts §500 cmt.g. Conversely, an actor's conduct is reckless where:

> he does an act or intentionally fails to do an act which it is his duty to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent.

*Id.*, *quoting* Restatement (Second) of Torts § 500.

### i.   Plaintiffs' Complaint alleges sufficient factual allegations to raise a plausible claim of Punitive Damages against Defendant Mawyer.

Defendants allege that Plaintiffs have not set forth any facts to support their claims for punitive damages. This argument is without merit, Plaintiffs' Complaint contains a specific and detailed description of the ways in which Defendant

Mawyer acted in a gross, wanton, and reckless fashion. First, Plaintiffs' Complaint identifies the various traffic violations that Defendant Mawyer was charged with by the Pennsylvania State Police. These charges include: Homicide by Vehicle in violation of 75 Pa. C.S.A. § 3732(a); Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3); Exceeded Registered Gross Weight in violation of 75 Pa. C.S.A. § 4942(c); Driving an unregistered vehicle in violation of 75 Pa. C.S.A. § 1301(a); Operating, or causing or permitting a person to operate any vehicle which is not equipped as required or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations in violation of 75 Pa C.S.A. § 4107(b)(2); and Careless driving resulting in an unintentional death of another person in violation of 75 Pa. C.S.A. § 3714(b). *See* Exhibit A at ¶¶ 33, 47, 65. These charges show that Defendant Mawyer acted outrageously and willfully, wantonly, and with reckless indifference to the Plaintiff's Decedent. Plaintiffs' Complaint further alleges that the conduct of Defendant Mawyer was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiffs' Decedent. *Id.* at ¶ 40. Plaintiffs allege that Defendant Mawyer knew or should have known that failing to stop at a red traffic signal and failing to obey a traffic control device would result in serious injury to others driving on the roadway. *Id.* Plaintiffs' Complaint alleges Defendant Mawyer

knew or should have known that operating his vehicle when it was it was

overweight and failing to maintain the vehicle including the brakes and braking

system would result in the injury or death of others. *Id.* Plaintiff allege Defendant

Mawyer knew or should have known that operating his vehicle when he was too

fatigued to do so safely and/or while being distracted and/or falling asleep while

driving, would result in serious injury to others. *Id.* Furthermore, the Complaint

alleges Defendant Mawyer knew or should have known that failing to pay attention

to the roadway and/or operating his vehicle too fast for the conditions then present,

and/or his violation of the applicable hours of service regulations and/or his

violation of the Federal Motor Carrier Safety Regulations, would result in serious

injury to others driving on the roadway. *Id.* Additionally, Plaintiffs allege,

Defendant Mawyer knew or should have known that driving while using a cellular

phone without a Bluetooth or hands free device would result in serious injury to

others driving on the roadway. *Id.*

Additionally, Federal Courts applying Pennsylvania law have found that

violations of the FMSCR support awards for punitive damages. *See* Esteras v.

TRW, Inc., 22006 WL 2474049 (M.D. Pa. Aug. 25, 2006)(Caputo, J.); Came v.

Micou, 2005 WL 1500978 (M.D. Pa. 2005)(Jones, J.); Schafer v. Wickham, 1999

WL 961273 at 2,3 (E.D. Pa. Oct. 15, 1999)(Green, J.); Wang v. Marzani, 885

F.Supp. 74, 79 (S.D.N.Y.)(Pennsylvania law; denying summary judgment on

punitive damages; HOS violations, log falsification, failure to secure cargo); <u>Logue v. Logano Trucking Company</u>, 921 F.Supp. 1425 (E.D. Pa. 1996)(Joyner,. J) (denying motion to dismiss claims for punitive damages where defendant knowingly took a dangerous vehicle onto a public highway); <u>Cobb v. Nye</u>, 2014 U.S. Dist. LEXIS 172087, 2014 WL 7067578 (M.D. Pa. 2014)(denying a motion to dismiss claims for punitive damages and all allegations in plaintiff's complaint of gross, wanton, willful outrageous and/or reckless conduct on the part of defendants where defendant truck driver violently struck the rear of a vehicle in which the plaintiff was a passenger).

Here, Plaintiffs allege that Defendant Mawyer violated provisions of the Federal Motor Carrier Safety Regulations ("FMCSR"). Specifically, Plaintiffs allege that Defendant Mawyer's negligent conduct, careless conduct and gross wanton and reckless conduct consisted of operating his vehicle while being distracted in violation of 49 C.F.R. §392.3; failing to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14; falling asleep while driving; operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; failing to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this

Commonwealth pursuant to 67 Pa. Code §229.14; failing to properly inspect his vehicle in accordance with 49 C.F.R. §392.7; operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3; operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3; operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7; failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13; operating his vehicle when he knew or should have known that he was unfit to do so; and failing to record his duty status properly in violation of 49 CFR §395.8. *Id.* at ¶ 41.

Further, where the defendant is a professional truck driver operating a tractor-trailer that can do an immense amount of harm on the roadways, Courts have found that punitive damages are a question for the jury. *See* <u>Sabo v. Suarez</u>, 2009 WL 2365969 at *2-3 (M.D.Pa. July 31, 2009) (Blewitt, J.) (professional trucker proceeded forward in a fog so thick "you couldn't see in front of you" and traveled through a red light); <u>Grosek v. Panther Transportation, Inc.</u>, 2009 WL 427238 at *3 (M.D. Pa. Feb. 20, 2009) (Munley, J.) (professional trucker ran traffic signal that had been steadily red for 4-6 seconds; jury could find he "consciously appreciated and ignored the risk of causing an accident."); <u>Burke v. TransAm Trucking, Inc.</u>, 605 F. Supp. 2d 647, 655 (M.D. Pa. 2009)(jury could find

that trucker, "with his experience and training, consciously appreciated the risk of harm" from driving 55 mph in a 35 mph zone around a curve).

Consequently, as a professional tractor-trailer driver, Defendant Mawyer's actions in failing to safely operate his tractor-trailer by not paying proper attention to the road and his admission that he ran a red light can clearly justify an award of punitive damages.

Lastly, many Federal Courts applying Pennsylvania Law have held that allegations that a defendant was driving while distracted are sufficient to establish a claim for punitive damages. Scott v. Burke, Civil Action No. 2:13-cv-278, 2013 U.S. Dist. LEXIS 123432, at *9 (W.D. Pa. Aug. 29, 2013) (Hornak, J.) (held that allegations of a defendant using his cell phone at the time of the accident are sufficient to support reckless conduct and a claim for punitive damages); Pennington v. King, No. 07-4016, 2009 U.S. Dist. LEXIS 12779, at *21 (E.D. Pa. Feb. 19, 2009) (Pratter, J) (denying defendant's motion for partial summary judgment where the evidence produced demonstrated that the defendant was distracted by his cell phone while operating a tractor trailer in an erratic manner preventing plaintiff from passing him). In this case, Plaintiffs' Complaint also alleges both that Defendant Mawyer was operating his vehicle while distracted and that he was utilizing his cell phone in violation of state and federal regulations. *See* the Exhibit A at ¶¶ 33 (dd)(pp)(qq), 40, and 41.

11

As outlined above, Plaintiffs' Complaint contains sufficient factual allegations to plausibly show that Defendant Mawyer, a professional tractor-trailer driver, appreciated the risk of harm his actions could cause when operating a tractor-trailer on the roadway and running a red light. *See* Burke, 605 F. Supp. 2d at 655. Moreover, Plaintiffs' Complaint contains sufficient factual allegations to plausibly show that Defendant Mawyer consciously appreciated and disregarded the risk of harm in failing to pay proper attention to the roadway before him and running a red light while operating a dangerous vehicle. *See id*. Thus, Plaintiffs' Complaint sufficiently alleges claims for punitive damages against Defendant Mawyer under Pennsylvania law. *Id*.

ii.   **Plaintiffs' Complaint alleges sufficient factual allegations to raise a plausible claim for reckless, gross and wanton conduct by Defendant B&C Enterprises and Defendant Tapscott Brothers, as well as their Punitive Damages claims.**

Plaintiffs' Complaint also alleges sufficient allegations to raise claims of Punitive Damages against Defendants B&C Enterprises and Tapscott Brothers. The Complaint alleges that the negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Bur-Trans, in its own right was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including, Plaintiff. *Id*. at ¶¶58, 75. The Complaint alleges that Defendants B&C Enterprise and Tapscott Brothers knew of or should have known

that Defendant Mawyer lacked the ability to safely operate a motor vehicle and did not have sufficient skill, judgment, and prudence in operating a motor vehicle. *Id.* Further, Plaintiffs allege that Defendants B&C Enterprise and Tapscott Brothers knew or should have known that the manner in which it conducted its business and compensated its agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer, would cause its employees, including Defendant Mawyer, to violate the rules of the road and/or drive while distracted and/or fatigued. *Id.* Plaintiffs allege Defendants B&C Enterprise and Tapscott Brothers knew or should have known that allowing its employees to violate the rules of the road and/or drive while distracted and/or fatigued would result in serious injury to the traveling public, including Plaintiffs' Decedent. *Id.* Plaintiffs also allege that Defendants B&C Enterprise and Tapscott Brothers knew or should have known that permitting Defendant Mawyer to operate its tractor and trailer when he was not qualified to do so, when he could not do so safely, when he would be operating the trailer when he was too fatigued to do so and while he was in violation of the applicable hours of service regulations would result in serious injury to others driving on the roadway. *Id.* Plaintiffs allege Defendants B&C Enterprise and Tapscott Brothers knew or should have known that failing to hire and retain only competent drivers and failing to properly train and supervise its agents, servants, workmen, and/or employees, including but not limited to Defendant Mawyer

13

would result in serious injury to others driving on the roadway. *Id.* Moreover, Plaintiffs allege Defendants B&C Enterprise and Tapscott Brothers knew or should have known that failing to inspect, maintain, repair and operate its vehicle in compliance with all applicable standards and regulations, including but not limited to the Federal Motor Carrier Safety regulations would result in serious injury to others driving on the roadway. *Id.* Accordingly, Plaintiffs' Complaint can plausibly show, under Pennsylvania law, that Defendants B&C Enterprise and Tapscott Brothers consciously acted in reckless disregard of the risk of harm to the public, including the Plaintiffs.

Defendants' Motion to Dismiss should also be denied because discovery has not yet commenced in this suit and additional facts concerning the Defendants' outrageous and reckless behavior may be revealed through discovery. As such, Defendants' Motion is premature at the time. Defendants will have another opportunity to raise this issue, if they see fit, after discovery is completed. At the present time, however, Plaintiffs have met their burden of establishing facts sufficient to show a plausible claim for relief and therefore Defendants' Motion to Dismiss must be denied.

**B.   Plaintiffs' allegations contained within subparagraphs of Paragraphs 33, 47, 48, 65, and 66 of the Complaint are sufficiently specific.**

Next, Defendants argue that Paragraphs 33, 47, 48, 65, and 66 are vague and ambiguous and further request a more definite statement.

Defendants argue that Paragraphs 33(y, gg), 47(y, gg), 48(o, r, t), 65(y, gg), and 66 (o, r, t) 88 are vague because those allegations state the Defendants were negligent in violating unspecified statutes, regulations, and ordinances.

Additionally, Defendants object to the allegation that Defendant Mawyer and/or Defendants B&C Enterprises and Tapscott Brothers through the acts of Defendant Mawyer engaged in careless driving resulting in an unintentional death of another person in violation of 75 Pa. C.S.A. § 3714(b). *See* Exhibit A at ¶¶33 (g), 47 (g), 65(g). Defendants argue that this allegation is vague and or open ended. Defendants also object that Plaintiffs' allegation that Defendant Mawyer failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances is vague and/or open ended. *See* Exhibit A at ¶¶ 33(q), 47 (q), 65 (q).  Defendants object that the allegation that Defendant Mawyer was driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa. C.S.A. §3736 is vague and open-ended. *See* Exhibit A at ¶¶ 33(v), 47(v), and 65(v). Additionally, Defendants argue that the allegation that Defendant Mawyer was operating his vehicle so recklessly that he placed Plaintiffs' Decedent in danger of death and serious bodily injury in violation of 18 Pa. C.S.A § 2705 is vague and open-ended. Finally, Defendants argue that the allegation that Defendant Mawyer was operating his vehicle in a carless manner in violation of 75 Pa. C.S.A. § 3714 is vague and/or open ended.

These aforementioned paragraphs are not vague, rather they are specific and they all relate to the negligent conduct of the Defendants. *Id*.

As previously stated, a complaint must contain enough factual allegations to raise the right to relief from a speculative to a plausible level. Ashcroft, 556 U.S. at 679; Bell Atlantic Corp., 550 U.S. at 555, 557.

The claims made by Defendants are routinely made and just as routinely rejected in the Pennsylvania state courts, where fact pleading is required. *See* Commonwealth, Department of Transportation v. Shipley Humble Oil Co., 29 Pa. Commw. 171, 174, 370 A.2d 438, 440 (1977)(plaintiff need not specifically plead statute ostensibly violated but need only plead sufficient facts to bring case within statute); Genesis Leasing Co., Inc. v. Minchoff, 315 Pa. Super. 437, 441-42, 462 A.2d 274, 276 (1983)(same); Godina v. Oswald, 206 Pa. Super. 51, 211 A.2d 91 (1965)(same); Cardenas v. Schober, 783 A.2d 317, 325 (Pa. Super. 2001)(it is not necessary that plaintiff identify specific legal theory underlying complaint); Burnside v. Abbott Laboratories, 351 Pa. Super. 264, 505 A.2d 973, 980 (1985)(same); Weiss v. Equibank, 313 Pa. Super. 446, 460 A.2d 271, 275 (1983)(same); Speck v. Finegold, 268 Pa. Super. 342, 351 n.10, 408 A.2d 496, 501 n.10 (1979), *aff'd in part and rev'd in part*, 497 Pa. 77, 439 A.2d 110 (1981)(party not required to plead knowledge more readily obtainable by adverse party and sought merely to ascertain how much pleading party already knows).

Defendants rely on <u>Pozarlik v. Camelback Assocs.</u>, 2011 U.S. Dist. LEXIS 137310, 2011 WL 6003841 (M.D. Pa. 2011), which is distinguishable from the instant matter. In <u>Pozarlik</u>, a plaintiff contractor brought suit against defendant after he was injured while working due to a fire that that occurred during a home remodeling at a condominium community. *Id*., at 2. In his complaint, plaintiff alleged that defendant was "negligent in failing to exercise reasonable care in the performance of duties at the subject property including but not limited to carelessly and negligently acting as follows . . . failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the use of power tools and equipment at the subject property; [and] . . . violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action." *Id*., at 3. Defendant filed a motion to dismiss this language, and the United States Court for the Middle District of Pennsylvania granted. *Id*., at 3, 8-9. The Court held that a more definite statement of the allegations in the amended complaint was needed where plaintiff did not identify the rules, regulations, and laws that had allegedly been violated. *Id*., at 10.

Here, unlike in <u>Pozarlik</u>, Plaintiffs have identified numerous statues of the Commonwealth of Pennsylvania that have been violated. *See* Exhibit A at ¶¶33, 40, 41, 40, 47, 48, 55, 56, 57, 58, 59, 65, 66, 73, 74, and 75. Specifically, Plaintiffs' Complaint identifies the various traffic violations that Defendant

Mawyer was charged with by the Pennsylvania State Police. These charges include: Homicide by Vehicle in violation of 75 Pa. C.S.A. § 3732(a); Failure to stop at a red traffic signal in violation of 75 Pa. C.S.A. §3112(a)(3); Exceeded Registered Gross Weight in violation of 75 Pa. C.S.A. § 4942(c); Driving an unregistered vehicle in violation of 75 Pa. C.S.A. § 1301(a); Operating, or causing or permitting a person to operate any vehicle which is not equipped as required or when the driver is in violation of department regulations or the vehicle or combination is otherwise in an unsafe condition or in violation of department regulations in violation of 75 Pa C.S.A. § 4107(b)(2); and Careless driving resulting in an unintentional death of another person in violation of 75 Pa. C.S.A. § 3714(b). *See* Exhibit A at ¶¶ 33, 47, 65.

Additionally, Plaintiffs have identified numerous violations on behalf of Defendants of the FMCSR, therefore Plaintiffs have put Defendants on notice to what section of the FMCSR they have violated. Further, Plaintiffs' Complaint contains enough factual allegations to raise the right to relief from a speculative to a plausible level. Ashcroft, 556 U.S. at 679; Bell Atlantic Corp., 550 U.S. at 555, 557. Therefore, Defendants Motion to Dismiss and Motion for a More Definite Statement should be denied where Plaintiffs' Complaint alleges sufficient factual allegations to raise a plausible claim for violations of the FMCSR, rules of the

road, statutes of the Commonwealth of Pennsylvania and the ordinances of Hanover Borough, Pennsylvania.

## V.    CONCLUSION

For all the foregoing reasons, Plaintiffs, Michael E. Fuhrman and Linda M. Angel, Co-Executors of the Estate of Eugene V. Fuhrman, Deceased, respectfully request that this Honorable Court deny Defendants' Brian A. Mawyer, Charles R. Richards, individually and t/a f/b/a B&C Enterprise, and Tapscott Brothers Trucking Inc.'s Rule 12(b)(6) Motion to Dismiss & Rule 12(e) Motion for a More Definite Statement.

**MUNLEY LAW, PC**

By: _____
        Marion Munley
        I.D. No. 46957
        Attorney for Plaintiffs

## CERTIFICATE OF WORD COUNT

I, Marion Munley, hereby certify that Brief in Opposition to Defendant's Motion to Dismiss 4,486 words, excluding the case caption, the table of contents, table of authorities, and certificates of word count and service. In making this certification, I have relied upon the word count of the word-processing system used to prepare the Brief.

Respectfully submitted,

**MUNLEY LAW, PC**

By:/s/ Marion Munley_____
    Marion Munley
    I.D. No. 46957
    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of Plaintiffs' Brief in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss & Rule 12(e) Motion for a More Definite Statement was served via the Court's ECF filing system on the 28th day of February, 2022 upon the following:

John T. Pion, Esq.
Bradley N. Sprout, Esq.
Pion Nerone Girman Winslow & Smith, P.C.
2404 Park Drive, Suite 404
Harrisburg, PA  17110
    *Counsel for Defendants*


**MUNLEY LAW, P.C.**

BY:   /s/  Marion Munley            
         Marion Munley
         PA I.D. No. 46957
         Attorney for Plaintiffs