**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL E. FUHRMAN, <u>et al.</u>,** | : | |
| **Plaintiffs** | : | **No. 1:21-cv-02024** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **BRIAN A. MAWYER, <u>et al.</u>,** | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Before the Court is Defendants' motion to dismiss and for a more definite statement.

(Doc. No. 7.)  For the reasons discussed below, the Court will deny Defendants' motion to

dismiss and grant in part Defendants' motion for a more definite statement.

**I.     FACTUAL BACKGROUND**

Plaintiffs Michael E. Fuhrman and Linda M. Angel (together "Plaintiffs") initiated this

case on behalf of their decedent, Eugene V. Fuhrman ("Decedent") on December 2, 2021 against

Defendants Brian A. Mawyer ("Mawyer"), Charles R. Richards d/b/a B&C Enterprise

("Richards"), and Tapscott Brothers Trucking, Inc. ("Tapscott Brothers") (collectively,

"Defendants") through the filing of a complaint in this Court.  (Doc. No. 1.)  In their complaint,

Plaintiffs allege that Mawyer was driving a tractor-trailer through the town of Hanover Borough,

Pennsylvania when he passed through a red light and struck Decedent's car, which was passing

through the intersection on a green light.  (<u>Id.</u> ¶¶ 20-24.)  As a result of the accident, Decedent

sustained fatal injuries.  (<u>Id.</u> ¶¶ 24-25.)  According to Plaintiffs, Richards owned the tractor unit

of the vehicle Mawyer was operating and Tapscott Brothers owned the trailing unit.  (<u>Id.</u> ¶¶ 17-

18.)  Plaintiffs assert the following claims in their complaint: (I) survival against Mawyer; (II)

wrongful death against Mawyer; (III) punitive damages against Mawyer; (IV) survival against

Richards; (V) wrongful death against Richards; (VI) punitive damages against Richards; (VII)

survival against Tapscott Brothers; (VIII) wrongful death against Tapscott Brothers; and (IX) punitive damages against Tapscott Brothers.  (Id.)[1]

On January 31, 2022, Defendants filed a motion to dismiss and for a more definite statement (Doc. No. 7), followed several weeks later by a brief in support (Doc. No. 8).  On February 14, 2022, Plaintiffs filed a brief in opposition to Defendants' motion.  (Doc. No. 9.) Defendants did not file a reply brief.  Accordingly, the motion is ripe for disposition.

## II.     MOTION TO DISMISS

### A.     Legal Standard

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  When reviewing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court need not accept legal conclusions proffered as factual allegations.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible."

---

[1] The Court notes that punitive damages are a remedy, not a separate cause of action.  See Hilbert v. Roth, 149 A.2d 648, 652 (Pa. 1959) (noting that "[t]he right to punitive damages is a mere incident to a cause of action—an element which the jury may consider in making its determination—and not the subject of an action in itself"); Scott v. Burke, No. 2:13-cv-278, 2013 WL 4648402, at *4 (W.D. Pa. Aug. 29, 2013). Therefore, although Plaintiffs have pleaded punitive damages as separate counts against each of the Defendants, the Court will construe Counts III, VI, and IX merely as requests for a particular remedy, rather than assertions of independent causes of action.

See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Consistent with the Supreme Court's rulings in Twombly and Iqbal, the Third Circuit has identified three steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 675, 679).  A complaint is properly dismissed where the factual content in the complaint does not allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See Iqbal, 556 U.S. at 678.

### B.    Discussion

Defendants ask the Court to dismiss all claims for punitive damages against Defendants, arguing that Plaintiffs have not pleaded facts sufficient to support such a claim, relying instead on conclusory statements.  (Doc. No. 7 ¶¶ 9-18.)  Rather, Defendants argue, Plaintiffs' allegations support, at most, a claim for mere negligence.  (Doc. No. 8 at 16-23.)

In response, Plaintiffs argue that they have pleaded sufficient facts for their claim for punitive damages to go forward against all Defendants.  (Doc. No. 9 at 12-21.)  Plaintiffs claim that the complaint "identifies the various traffic violations that Mawyer was charged with by the Pennsylvania state police" and lists six specific charges.  (Doc. No. 9 at 14.)  According to Plaintiffs, "these charges show that [] Mawyer acted outrageously and willfully, wantonly, and with reckless indifference to the [] Decedent."  (Id.)  Plaintiffs also argue that the motion to

dismiss should be denied because the parties have not yet commenced discovery, and therefore a dismissal of the punitive damages claim would be premature.  (Id. at 21.)

As a threshold matter, while the violations with which Mawyer was charged by the Commonwealth of Pennsylvania are listed in the complaint, along with numerous others, there is no allegation in the complaint indicating that Mawyer was formally charged.  (Doc. No. 1.) Although on a 12(b)(6) motion to dismiss the Court typically cannot consider factual allegations not raised in a complaint, see In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997), the Court can consider matters of public record, and will do so here, see Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (noting that on a motion to dismiss, the Court may consider limited documents outside of the complaint including "matters of public record").  Records of the proceedings against Mawyer in the York County Court of Common Pleas indicate that he was charged with fourteen (14) criminal violations, including one count of homicide by vehicle (75 Pa. C.S. § 3732(a)), one count of failure to stop at a red signal (75 Pa. C.S. § 3112(a)), one count of exceeding gross registered weight (75 Pa. C.S. § 4942(c)), one count of driving an unregistered vehicle (75 Pa. C.S. § 1301(a)), nine counts of operating a vehicle in violation of department regulations or "otherwise in an unsafe condition" (75 Pa. C.S. § 4107(b)(2)), and one count of careless driving resulting in unintentional death (75 Pa. C.S. § 3714(b)).  See Commonwealth v. Mawyer, CP-67-CR-0000971-2022 (C.P. York Cnty. filed Mar. 2, 2022).  Mawyer is currently awaiting trial.  See id.

In Pennsylvania, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others…. [And] must be based on conduct which is 'malicious,' 'wanton,' 'reckless,' 'willful,' or 'oppressive.'"  See Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984) (internal citation and

quotation marks omitted).  To be successful, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk."  See Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005). While "punitive damages are an 'extreme remedy' available in only the most exceptional matters," see Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005), at the motion to dismiss stage, a court need only decide whether the plaintiff has alleged facts that "plausibly give rise" to a punitive damages award, see Santiago, 629 F.3d at 130.

Given the factual allegations in the complaint, as well as the public records of the charges currently pending against Mawyer, dismissal of Plaintiffs' requests for punitive damages would be premature at this stage of the litigation.  In a number of cases with facts analogous to the instant case, federal courts interpreting Pennsylvania law have declined to dismiss requests for punitive damages prior to discovery, finding that claims of negligence could plausibly support a punitive damages remedy.  See Cobb v. Nye, No. 4:14-cv-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) (denying a motion to dismiss the plaintiff's claim for punitive damages arising from a tractor-trailer accident because "[d]iscovery is necessary to make the determination of whether Defendants' actions were merely negligent or whether they were outrageous"); Sabo v. Saurez, No. 3:08-cv-1889, 2009 WL 2365969, at *2-3 (M.D. Pa. July 31, 2009) (holding that a claim for punitive damages could survive a motion to dismiss where the defendant, an experienced truck driver, ran a red light in foggy conditions and hit the plaintiff's vehicle); Logue v. Logano Trucking Co., 921 F. Supp. 1425, 1427-28 (E.D. Pa. 1996) (declining to dismiss a claim for punitive damages against the driver of a tractor-trailer where the plaintiffs

alleged that the defendant "knowingly took a dangerous vehicle onto a public highway and then operated that vehicle in a dangerous manner").

Here, Plaintiffs have alleged that Defendant Mawyer drove a tractor-trailer through a red light at an intersection and directly into Decedent's vehicle, killing him.  (Doc. No. 1 ¶¶ 22-25.) Plaintiffs also allege that Mawyer violated a variety of rules of the road and was driving while fatigued and distracted.  (Id. ¶¶ 30-34, 39-42.)  As to Richards and Tapscott Brothers, Plaintiffs allege that they each negligently entrusted Mawyer with the tractor-trailer, although they "knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle[.]"  (Id. ¶¶ 43-49; 61-67.)  According to Plaintiffs, the negligence of both Richards and Tapscott Brothers rises to "reckless indifference to the risk of injury to Plaintiffs' Decedent[]."  (Id. ¶¶ 60, 77.)  While it is true that Plaintiffs' allegations are numerous, somewhat vague, and occasionally contradictory, they have nonetheless pleaded a claim for negligence that could plausibly support punitive damages, depending on the outcome of discovery.  Taking into account the criminal proceedings against Mawyer stemming from this accident, the Court finds more than enough substance to draw a "reasonable inference" of potential liability for punitive damages against all Defendants.  See Iqbal, 556 U.S. at 678.  While Plaintiffs will ultimately have to clear the hurdle of proving that Defendants engaged in behavior that went beyond mere negligence and that they possessed a "subjective appreciation of the risk of harm" to which they subjected others, they do not yet bear that burden.  See Hutchinson, 870 A.2d at 772; Young v. Westfall, No. 4:06-cv-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (noting that "[a]lthough the facts may later prove at most that defendants were merely negligent, discovery is necessary" to determine whether punitive damages are appropriate).  Therefore, the Court will allow Plaintiffs to maintain their request for punitive damages against all Defendants.

### III.     MOTION FOR A MORE DEFINITE STATEMENT

#### A.     Legal Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See Fed. R. Civ. P. 12(e).  Although motions for a more definite statement are generally disfavored, they should be granted if a pleading is "unintelligible" such that it is "virtually impossible for the opposing party to craft a responsive pleading."  See Morris v. Kesserling, No. 09-cv-1739, 2010 WL 4362630, at *1 (M.D. Pa. Oct. 27, 2010).  "Rule 12(e) must be read in conjunction with Rule 8, which requires only a short and plain statement of the claim showing that the pleader is entitled to relief."  Pozarlik v. Camelback Assocs., Inc., No. 3:11-cv-1349, 2011 WL 6003841, at *2 (M.D. Pa. Nov. 30, 2011).  A Rule 12(e) motion should be granted "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]."  See Clark v. McDonald's Corp., 213 F.R.D. 198, 232-33 (D.N.J. 2003) (internal quotation marks omitted) (quoting Sun Co. v. Badger Design & Constructors, Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996)).  However, "[i]t is not the function of 12(e) to provide greater particularization of information alleged in the complaint or which presents a proper subject for discovery."  See Lincoln Labs., Inc. v. Savage Labs., Inc., 26 F.R.D. 141, 142-43 (D. Del. 1960).

#### B.     Discussion

Defendants move the Court for a more definite statement under Federal Rule of Civil Procedure Rule 12(e) as to: paragraph 33, subparagraphs (f), (g), (q), (v), (w), (x), (y), and (gg); paragraph 47, subparagraphs (f), (g), (q), (v), (w), (x), (y), and (gg); paragraph 48, subparagraphs

(o), (p), (q), (r), and (t); paragraph 65, subparagraphs (f), (g), (q), (v), (w), (x), (y), and (gg); paragraph 66, subparagraphs (o), (p), (q), (r), and (t).[2]  (Id. ¶¶ 19-20.)  Defendants claim that these sections of the complaint are "so vague or ambiguous that [] [D]efendant[s] cannot reasonably prepare a response."  (Id. ¶ 19.)  In response to Defendants' Rule 12(e) motion, Plaintiffs argue that the subparagraphs in question are sufficiently definite.  (Doc. No. 9 at 21-26.)  Plaintiffs argue that they have "identified numerous statues [sic] of the Commonwealth of Pennsylvania that have been violated."  (Id. at 24.)  Plaintiffs again point to specific statutes that Mawyer was purportedly charged with violating by the Pennsylvania State Police.  (Id. at 24-25.)  However, Plaintiffs do not address in detail the specific subparagraphs raised in Defendants' motion.  (Id. at 21-26.)

The Court will grant Defendants' motion for a more definite statement in part, as to the following subparagraphs: 33(y), (gg); 47(y), (gg); 48(o), (r); 65(y), (gg); 66(o), (r).  Each of these paragraphs contains an allegation that a Defendant broadly violated the laws of a geographic region or a regulatory code, absent any reference to a specific statute, rule, regulation, or ordinance:

> 33.   The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Mawyer consisted of the following:
>
> ….
>
> y.   Failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania; and the ordinances of Hanover Borough, Pennsylvania while operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania;
>
> ….

---

[2] Defendants' motion lists "Paragraph 65" twice, under both ¶ 20(d) and ¶ 20(e).  (Doc. No. 7.) In keeping with the arguments presented in Defendants' brief in support of their motion, the Court assumes that ¶ 20(e) was intended to read "Paragraph 66 – Subparagraphs (o), (p), (q), (r), and (t).  (Id.; Doc. No. 8 at 23-26.)

gg.    Operating his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

….

48.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Richards, individually and t/a d/b/a B&C Enterprise in its own right, consisted of the following:

….

o.    Failure to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania;

….

r.    Operating its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations;

….

66.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Tapscott Brothers, in its own right, consisted of the following:

….

o.    Failure to operate, maintain, inspect and repair its trailer in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and the statutes and regulations of the Commonwealth of Pennsylvania[.]

(Doc. No. 1 ¶¶ 33(y), (gg); 48(o), (r); 66(o)); see also (id. ¶¶ 47(y), (gg); 65(y), (gg); 66(r)). The allegations above are impermissibly vague, because "Defendant[s] cannot be left to speculate what specific statute or regulation was violated." See Carson v. Tucker, No. 5:20-cv-00399, 2020 WL 1953655, at *6 (E.D. Pa. Apr. 23, 2020). Defendants cannot reasonably be expected to prepare a response to an allegation that, for instance, they violated the Federal Motor Carrier Safety Regulations, a portion of the Code of Federal Regulations that itself contains hundreds of individual sections. (Doc. No. 1 ¶¶ 33(gg); 47(gg); 48(o), (r); 65(gg); 66(o), (r)); 49 C.F.R.

§ 350-399.  Therefore, the Court will order Plaintiffs to either provide a more definite statement as to the above allegations by referring to the specific statute, rule, regulation, or ordinance the Defendants are alleged to have violated or, alternatively, to strike those allegations from their complaint.  As to the remaining allegations, the Court finds them sufficiently specific to allow Defendants to reasonably prepare a response, and declines to grant Defendants' motion thereto. (Doc. No. 1 ¶¶ 33(f), (g), (q), (v), (w), (x); 47(f), (g), (q), (v), (w), (x); 48(p), (q), (t); 65(f), (g), (q), (v), (w), (x); 66(p), (q), (t).)

## IV.    CONCLUSION

Accordingly, the Court will deny Defendants' motion to dismiss Plaintiffs' request for punitive damages, and grant in part and deny in part Defendants' motion for a more definite statement.  An appropriate Order follows.